IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

AVA M. McMAHON )
)
v. ) No. 3-07-0316
)
HERBERT & CONSTANCIA ROSS; )
SPECIALIZED CONTRACT )
SERVICES; RICHARD E. GOODIN; )
and SENIOR CHIEF GRINDLE )

TO: Aleta A. Trauger, United States District Judge

**REPORT AND RECOMMENDATION**

By order entered March 26, 2007 (Docket Entry No. 8), this case was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions, report and recommendation on all dispositive motions, and to conduct any necessary proceedings.

Pending before the Court are two motions: (1) the motion to substitute United States as defendant (Docket Entry No. 2); and (2) the motion of the United States to dismiss (Docket Entry No. 4). For the reasons set forth below, the Court recommends that both motions be granted.

I. BACKGROUND

Proceeding pro se, the plaintiff initially brought an action in the General Sessions Court for Davidson County, Tennessee. By memorandum dated July 25, 2006, addressed to the "General Sessions Civil Court," the plaintiff explained that, in October of 2005, she had been hired by Herbert and Constancia Ross, who apparently own and operate Specialized Contract Services, Inc., to work at the Military Entrance Processing Station ("MEPS), located on Trousdale Avenue, in Nashville, Tennessee. According to the United States, Specialized Contract Services had a contract with the government to provide noon meals for military recruits at the MEPS. Docket Entry No. 3; Docket Entry No. 5, at 2. On June 19, 2006, the plaintiff's employment was terminated, but, according to the plaintiff, Herbert and Constancia Ross owed her approximately $1436.00 in wages, which they

have refused to pay. The plaintiff further explained that she included "the military in Fort Knox as part of [her] suit" because she was not only an employee of Specialized Contract Services, but also because she worked for the military. The plaintiff related that "Fort Knox is where the bids for the contracts originate" and "where the determination is made as to what contractor receives the contract, and the language of that contract." It was the plaintiff's position that she should be paid directly from Specialized Contract Services, Inc. or from "who[m] the company [Specialized Contract Services] receives their pay which is the U.S. Government." See Attachment to Docket Entry No. 1. The plaintiff apparently completed several summons, listing as defendants Herbert and Constancia Ross,[1] along with Senior Chief Grindle and Dick Goodin.

On March 20, 2007, the United States filed a notice of removal, asserting that the plaintiff had filed suit in the General Sessions Court for Davidson County, Tennessee against federal employees Richard E. Goodin, and Senior Chief Dan Grindle of the United States Navy, along with federal contractors Herbert and Constancia Ross and Specialized Contract Services. In the notice of removal, the government explained that both Mr. Goodin and Mr. Grindle are employees of the United States Department of Defense ("DOD") and, specifically, that Mr. Goodin is the Director of Contracting at Fort Knox, Kentucky, and Mr. Grindle is a non-commissioned officer of the United States Navy, assigned to work "under Mr. Goodin." Docket Entry No. 1, at 2. The government explained that the plaintiff "was apparently employed by Specialized Contract Services, Inc., a private contractor which contracted with the Fort Knox Directorate of Contracting to provide noon meals for DOD recruits at the . . . MEPS on Trousdale Avenue, Nashville." Id.

Contemporaneously with the filing of the notice of removal, the United States filed a motion to substitute the United States as defendant (Docket Entry No. 2), inasmuch as the Attorney General certified that defendants Richard E. Goodin and Dan Grindle were acting within the scope of the federal employment "at the time of the incident giving rise to suit." Docket Entry No. 2, at 1;

---

[1] It is not clear whether the plaintiff named Specialized Contract Services, Inc. as a separate defendant.

2

Attachment to Notice of Removal. Also contemporaneously with the filing of the notice of removal, the United States filed a motion to dismiss (Docket Entry No. 4).

## II. ANALYSIS

A. <u>Substitution of the United States</u>

The United States Attorney for this District, as a designee of the United States Attorney General, has certified that Mr. Goodin and Mr. Grindle "were acting within the scope of their employment as employees of the United States at the time of the incidents alleged in the plaintiff's complaint." Attachment to Docket Entry No. 1. Upon such certification, the United States must be substituted as a party defendant for defendants Goodin and Grindle. <u>See</u> section (d)(1) of the Federal Employees Liability Reform and Tort Compensation Act of 1988, known as the Westfall Act, 28 U.S.C. § 2679, which provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.

To the extent that the plaintiff asserts any claims sounding in tort, 28 U.S.C. § 2679(d)(1) clearly mandates substitution. <u>See Osburn v. Haley,</u> __ U.S. __, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007). To the extent, however, that the plaintiff's claim is based on a breach of contract, the plaintiff has not asserted that defendant Grindle or Goodin entered into any contract in their individual capacity and, to the extent that the plaintiff asserts a contract claim, it is against the United States, not against defendants Grindle and Goodin individually.

It appears that the plaintiff does not contest the substitution of the United States, since, in her response, she advised that her "intention was not to personally sue Richard Goodin or Senior Chef (sic) Grindle . . . ." Docket Entry No. 11.

3

B. Motion to Dismiss

The United States seeks to dismiss the claims against it, whether they are based in tort or contract.

(1) Tort Claims

To the extent that the plaintiff is asserting a claim for "money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," the Federal Tort Claims Act, 28 U.S.C. § 2675, requires that she first pursue and exhaust administrative remedies. Specifically, the plaintiff must present a claim to the United States Department of Defense. The plaintiff has not asserted that she has pursued administrative remedies.

In her response, the plaintiff concedes that she has "no problem with the Federal Tort Claims Act being initiated with the substitution of the next party, [t]he court being sure not to remove Herbert & Constancia Ross as defendants." Docket Entry No. 11.

The Court cannot initiate an administrative complaint for the plaintiff. If the plaintiff has a claim against the United States under the Federal Tort Claims Act, she must take the appropriate action herself.

(2) Contract Claims

The defendant argues that any contract claim should be dismissed because the plaintiff never entered into a contract with the United States. Mr. Goodin attested in his affidavit that he is the Director of Contracting for the Army Contracting Agency, Southern Region, Fort Knox, Kentucky, and that the Fort Knox Directorate of Contracting entered into a contract between the Military Entrance Processing Command (MEPCOM) and Specialized Contract Services, Inc. in March of 2003, for Specialized Contract Services, Inc. to provide noon meals for DOD recruits at the Nashville Military Entrance Processing Station (MEPS). Docket Entry No. 3. Mr. Goodin further attested that the plaintiff is not a party to that contract and was not employed by the DOD during the relevant time period. Id.

In her response, the plaintiff concedes that she "was contracted by the Ross's under their company name Specialized Contract Services," although she provided direct services to the MEPS facility. She further explained that her "sole objective is to receive funds for services that I have already provided for the Military Entrance Processing Station which is part of the federal government." Docket Entry No. 11.

Until recently, the standard for review of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure was that dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of her alleged claims which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). For the purpose of a motion to dismiss, the allegations of the plaintiff's complaint are liberally construed and taken as true. Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994), cert. denied, 511 U.S. 1128, 114 S.Ct. 2137, 128 L.Ed.2d 866; Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Although more than bare assertions of legal conclusions are required to withstand a motion to dismiss, and the complaint must contain allegations of fact sufficient to support the asserted legal claims, see Scheid, 859 F.2d at 436-37, the Conley standard prohibited dismissal unless it appeared beyond doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief. However, in the context of an antitrust case, the United States Supreme Court found that the Conley "no set of facts" language had "earned its retirement," and that the factual allegations in the complaint must be the basis of a non-speculative claim for relief. Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).

Whether the long-standing Conley standard of review or the Twombly standard is applied in this case, there is no basis for the plaintiff to assert a contract claim against the government.

Although the United States has filed a motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it has attached as support to the motion the affidavit of Richard Goodin, in which he attests that the United States never entered into a contract with the plaintiff and

5

the plaintiff was not an employee of the DOD during the relevant time period. Docket Entry No. 3. Although such a declaration would ordinarily convert the motion to dismiss to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, see Rule 12(b), the plaintiff does not contest Mr. Goodin's assertions in his declaration. See Docket Entry No. 11. The plaintiff simply wants, as she says, to be paid what she believes she is owed for the work that she performed at the MEPS, a government facility, while an employee of Specialized Contract Services, Inc. The plaintiff does not, however, assert any cause of action or theory upon which she could recover against the government. The plaintiff's recourse is against Herbert Ross, Constancia Ross, and/or Specialized Contract Services, Inc.

## III. RECOMMENDATION

Based on the foregoing, the Court respectfully recommends that:

1. The motion to substitute (Docket Entry No. 2) be GRANTED;

2. The United States of America be substituted as the defendant for Richard E. Goodin and Senior Chief Grindle;

3. Richard E. Goodin and Senior Chief Grindle be DISMISSED;

4. Any tort claim brought by the plaintiff against the United States of America be DISMISSED without prejudice to any rights of the plaintiff to pursue and exhaust administrative remedies;

5. Any contract claim brought by the plaintiff against the United States of America be DISMISSED with prejudice for failure to state a claim;

6. The United States of America be DISMISSED as a defendant in this case; and

7. The case be REMANDED to the General Sessions Court of Davidson County, Tennessee, pursuant to 28 U.S.C. § 1447(d), to allow the plaintiff to pursue her claims against Herbert Ross, Constancia Ross, and/or Specialized Contract Services, Inc.

Any objections to this Report and Recommendation must be filed within ten (10) of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  See 28 U.S.C. § 636 (b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 9(b)(1) of the Local Rules Governing Duties of and Proceedings before Magistrate Judges.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

7